Filed 1/23/14  In re Anna M. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re ANNA M., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B250445<br>(Super. Ct. No. J069092)<br>(Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY M.,<br><br>    Defendant and Appellant. | |

Anthony M. (father) appeals from the juvenile court orders terminating parental rights to his daughter, Anna, and establishing adoption as her permanent plan (Welf. & Inst. Code, § 366.26).[1]  Father contends that the finding of Anna's adoptability is not supported by substantial evidence.  We affirm.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.  The court also terminated the parental rights of Anna's mother, Shelly G.  She is not a party to this appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2012 mother gave birth to Anna, and the Ventura County Human Services Agency (HSA) removed Anna from her care. Father was in custody. On October 30, 2012, HSA filed a petition alleging that mother and father were unable to protect and support Anna. (§ 300, subds. (b), (g).) HSA placed Anna with prospective adoptive parents in late October.

Beginning in December 2012, father had weekly one-hour supervised visits with Anna. On January 22, 2013, the juvenile court ordered a bypass of reunification services for father because he had failed to reunify with other children "due to [his] unaddressed drug addiction" and a history of domestic violence. (§ 361.5, subd. (b)(10), (11), (13).) Father continued attending supervised visits with Anna. The HSA personnel who observed their visits did not detect any significant relationship between them.

On June 20, 2013, the juvenile court conducted contested section 366.26 proceedings to select Anna's permanent plan. It admitted the section 366.26 report in which HSA recommended that the court terminate the parental rights of both parents and select adoption as her permanent plan. HSA reported that Anna was still in the home of the prospective adoptive parents who had cared for her for most of her life. The social worker described Anna as a happy baby with an upbeat personality who has "met all of her educational milestones."

Father testified he had visited Anna consistently. During their visits, she smiled and was excited to see him. He cared for her, talked to her, comforted her, and played with her. She reached for him at the beginning and end of each visit.

The juvenile court found that father failed to establish that the parental benefit exception precluded its selecting adoption as the preferred plan for Anna. The court terminated the parental rights of both parents, found that Anna was adoptable, and ordered adoption planning services.

DISCUSSION

Father contends there is not sufficient evidence to support the juvenile court's finding that he failed to establish the "parental benefit" exception to the statutory preference for adoption. We disagree.

Section 366.26, subdivision (c)(1), requires the juvenile court to terminate parental rights if it finds by clear and convincing evidence that a child is likely to be adopted, unless "the court finds a compelling reason for determining that termination would be detrimental to the child" due to an enumerated statutory exception. The "beneficial parental relationship" exception of section 366.26, subdivision (c)(1)(A), requires a showing of "regular visitation and contact" and "benefit" to the child from "continuing the relationship." (*In re Angel B*. (2002) 97 Cal.App.4th 454, 466.) Only in the "extraordinary case" can a parent establish the exception because the permanent plan hearing occurs after the court has repeatedly found the parent unable to meet the child's needs. (*In re Jasmine D*. (2000) 78 Cal.App.4th 1339, 1350.)

The exception requires proof of "a parental relationship," not merely a relationship that is "beneficial to some degree but does not meet the child's need for a parent." (*In re Jasmine D., supra*, 78 Cal.App.4th at p. 1350.) The existence of a beneficial relationship is determined by the age of the child, the portion of the child's life spent in parental custody, the quality of interaction between parent and child, and the child's particular needs. (*In re Amber M*. (2002) 103 Cal.App.4th 681, 689 [beneficial relationship exists where children in mother's care the majority of their lives].)

The juvenile court found that father did not show he had a parental relationship with Anna, in the limited time he spent with her. Under any standard of review, the juvenile court's finding is proper because father did not meet his burden of establishing the "extraordinary case" of the beneficial parental relationship exception. (*In re Jasmine D., supra*, 78 Cal.App.4th at p. 1350; *In re Dakota H*. (2005) 132 Cal.App.4th 212, 229 ["To meet the burden of proof, the parent must show more than frequent and loving contact, an emotional bond with the child, or pleasant visits"].) For nearly all of

3

Anna's life, she lived with prospective adoptive parents who satisfied her daily needs for protection, guidance, food, shelter and medical care. She never lived with father. His one-hour supervised visits with Anna may have been beneficial to some degree, but they did not meet her need for a parent. (*In re Angel B., supra*, 97 Cal.App.4th at p. 466.) As the court observed, her prospective adoptive parents had met that need. Father has not established that terminating his parental rights "would deprive [Anna] of a *substantial*, positive emotional attachment such that [she] would be *greatly* harmed." (*Ibid*.)

## DISPOSITION

The orders finding Anna to be adoptable and terminating parental rights are affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Ellen Gay Conroy, Judge

Superior Court County of Ventura

_____


Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Leroy Smith, County Counsel, Linda L. Stevenson, Assistant County Counsel, for Plaintiff and Respondent.